IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JARON WALLACE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-048 |
| | ) | (Formerly CR 114-030) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at the Federal Correctional Institute in Terre Haute, Indiana, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Petitioner's § 2255 motion be **DISMISSED** as untimely and this civil action be **CLOSED**.

**I.     BACKGROUND**

On March 5, 2014, the grand jury in the Southern District of Georgia charged Petitioner with conspiracy to rob a commercial business, conspiracy to use firearms during a violent crime, robbery of a commercial business, and using, carrying, and brandishing a firearm during a crime of violence. United States v. Weaver, CR 114-030, doc. no. 1 (S.D. Ga. Mar. 5, 2014) (hereinafter "CR 114-030"). On May 29, 2014, Petitioner, represented by appointed counsel, pled guilty to robbery of a commercial business, in violation of 18 U.S.C.

§ 1951, and brandishing a firearm during the commission of a violent crime, in violation of 18 U.S.C. § 924(c). Id., doc. nos. 43, 44, 45. In exchange for Petitioner's guilty plea, the government agreed to dismiss the remaining counts. Id., doc. no. 45, pp. 1-5. By pleading guilty, Petitioner admitted the factual basis for his conviction. Id. at 2-5. Petitioner's plea agreement included a broad appeal and collateral attack waiver provision that stated in relevant part:

> Defendant entirely waives his right to a direct appeal of his conviction and sentence on any ground. The only exceptions are: (1) that Defendant may file a direct appeal of his sentence if the district court enters a sentence above the statutory maximum, and (2) that Defendant may file a direct appeal of his sentence if the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs [his] attorney not to file an appeal. Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion.

Id. at 5-6.

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at 17, Criminal History Category at I, and Guideline imprisonment range between 84 and 240 months. PSI ¶ 51, 53. Petitioner's criminal history score was zero, establishing a criminal history category of one. Id. ¶ 34. United States District Judge J. Randal Hall, sentenced Petitioner to a total term of imprisonment of eighty months, and the Court entered a judgment on September 29, 2014. CR 114-030, doc. no. 96. Petitioner did not file a direct appeal.

Petitioner signed the instant § 2255 motion on April 17, 2016, and the Clerk of Court filed it on April 22, 2016. (See doc. no. 1.) Petitioner argues his sentence should be set aside because he does not qualify for a § 924(c) enhancement because of Alleyne v. United States,

2

133 S.Ct. 2151 (2013) and Johnson v. United States, 135 S. Ct. 2551 (2015). (See doc. no. 1.) Petitioner also argues he does not have a "predicated offense for guns that would qualify him for [an] enhancement," and raises ten claims of ineffective assistance of counsel. (Id. at 1-3.) Specifically, Petitioner's claims his counsel was ineffective for: (1) failing to investigate Petitioner's case; (2) failing to interview government or defense witnesses; (3) failing to review police lab report or forensic evidence; (4) failing to suppress evidence; (5) failing to provide expert testimony or witness testimony; (6) failing to pursue a defense strategy; (7) failing to challenge the 924(c) "enhancement" when Petitioner did not qualify for an enhancement; (8) failing to adversely challenge the prosecution's case; (9) failing to seek an acquittal based on insufficient evidence; (10) failing to file an appeal after Petitioner requested an appeal. (Id. at 3.)

Even if the Court were to assume, for the sake of argument, that the collateral attack waiver in Petitioner's plea agreement is not valid, Petitioner's current § 2255 motion is barred as untimely and his argument that Alleyne and Johnson apply is without merit.

## I. DISCUSSION

### A. Petitioner's Claims are Time-Barred.

28 U.S.C. § 2255(f), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions that runs from the latest of four possible dates:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Petitioner's judgment of conviction was entered on September 29, 2014, and because Petitioner did not file a direct appeal, his convictions and sentence became final fourteen days later. See Fed. R. App. P. 4(b)(1). Accordingly, Petitioner's judgment became final in October 2014, and the instant petition filed on April 17, 2016, is untimely.

Alleyne and Johnson do not qualify Petitioner for a later statute of limitations. First, Alleyne is not retroactively applicable to cases on collateral review. Chester v. Warden, No. 12-15119, 2014 WL 104150, at *4 (11th Cir. 2014) (*per curiam*); Starks v. Warden, FCC Coleman-USP I, No. 12-15956, 2013 WL 6670797, at *3 (11th Cir. Dec. 19, 2013) (*per curiam*); see also Rhodes v. United States, CV 113–158, 2013 WL 5797641, at *2 (S.D. Ga. Oct. 28, 2013) (Hall, J.) ("Alleyne is not retroactively applicable to cases on collateral review."); Doby v. United States, CV 113–152, 2013 WL 5564147, at *3 (S.D. Ga. Oct. 7, 2013) (Bowen, J.) (same).

Second, although the Supreme Court has held Johnson is retroactive to cases on collateral review, Johnson does not apply to Petitioner's case. In Johnson, the Supreme Court found the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) ("ACCA"), to be void for vagueness and a violation of the Constitution's guarantee of due process. Johnson, 135 S. Ct. at 2563. However, Johnson does not apply to Petitioner because he was not sentenced under the ACCA. Instead, Petitioner was sentenced under § 924(c)(1)(A)(ii), which was not addressed by Johnson. PSI ¶¶ 16-28. The Supreme

4

Court gave no indication that Johnson applies to § 924(c), and it does not. McChristian v. United States, No. 8:13-CR-108-T-30MAP, 2016 WL 688246, at *2 (M.D. Fla. Feb. 19, 2016).

Thus, Petitioner's claim he does "not qualify for a § 924(c) enhancement," because of Johnson is without merit. Furthermore, Petitioner was not given any sentencing enhancement, thus his argument that he "does not have a predicated offense for guns that would qualify him for an enhancement" is likewise meritless. Because Johnson does not apply to any of Petitioner's claims, Petitioner had until October 2015 to file his § 2255 motion. 28 U.S.C. § 2255(f)(1). Petitioner filed his § 2255 motion in April 2016, accordingly all of Petitioner's claims, including his ten ineffective assistance of counsel claims, are time-barred.

### B. The Limitations Period Was Not Otherwise Reset under AEDPA, and Petitioner Has Not Shown that He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred.

Nevertheless, an otherwise untimely § 2255 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent application of AEDPA's statutory deadline if a petitioner can "show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving he is entitled to equitable tolling, Jones v.

5

United States, 304 F.3d 1035, 1040 (11th Cir. 2002) (*per curiam*), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (citing Pace, 544 U.S. at 418-19).

In addition, consideration of an otherwise untimely petition for federal habeas relief may be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has resulted in the conviction of someone who is actually innocent." Murray v. Carrier, 477 U.S. 478, 495-96 (1986); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a petitioner seeking to invoke it must "show that it is more likely than not that no reasonable juror would have convicted him." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). "In addition, 'to be credible, a claim of actual innocence must be based on reliable evidence not presented at trial.'" Id. (quoting Calderon v. Thompson, 523 U.S. 538, 559 (1998)).

Here, Petitioner argues because he was in administrative detention and at some point transferred between two separate prisons from June 1, 2015, until February 21, 2016, his untimeliness should be excused because he did not have enough time to prepare the petition any earlier. (Doc. no. 1-1, p. 1.) However, even assuming the verity of Petitioner's claims, Petitioner has not shown extraordinary circumstances stood in his way and prevented him from filing his petition, thus he is not entitled to equitable tolling.

First, Petitioner's judgment became final in October 2014, some seven months before any alleged impediments to filing existed, and Petitioner has failed to provide any

explanation as to why he could not have prepared and filed his motion between October 2014 and June 2015. See Akins v. United States, 204 F.3d 1086, 1089 (11th Cir. 2000) (finding petitioner had ample time to file petition before impediments existed). Second, the Eleventh Circuit has routinely held that periods of detention or transfers between housing facilities are not extraordinary circumstances where equitable tolling is appropriate. Paulcin v. McDonough, 259 F. App'x 211, 211 (11th Cir. 2007) (finding transfer to different detainment facility was not sufficient for equitable tolling); Dodd v. United States, 365 F.3d 1273, 1282-83 (11th Cir. 2004) (finding detainment without access to legal papers was not sufficient for equitable tolling). Accordingly, Petitioner has not demonstrated he is entitled to equitable tolling.

Finally, Petitioner has not presented any evidence, much less new evidence, to suggest he did not commit the offenses to which he pleaded guilty such that no reasonable juror would have convicted him. (See generally doc. no. 1.) Therefore, neither equitable tolling nor the actual innocence exception saves the instant petition from being time-barred under AEDPA.

## III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2255 Proceedings, the Court **FINDS** that Petitioner's motion is time-barred by the applicable one-year statute of limitations, and thus **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 motion be **DISMISSED** and that this civil action

be **CLOSED**.

SO REPORTED and RECOMMENDED this 20th day of May, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA